UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JACOB HILTS,

        Plaintiff,

        -against-                  Docket No. 5:20-cv-877 (FJS/TWD)

CANNON EQUIPMENT COMPANY, L.L.C., JOHN DOE
NO. 1 and JOHN DOES NOS. 2-10,

        Defendants.
-------------------------------------------------------------------------X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Cannon Equipment Company, L.L.C. ("Cannon"), in the above-captioned civil action, hereby files this Notice of Removal and states as follows:

1. By way of a complaint dated June 24, 2020, Plaintiff Jacob Hilts ("Plaintiff") commenced a civil action in the Supreme Court of the State of New York, County of Madison against Cannon captioned *Jacob Hilts v. Cannon Equipment Company, L.L.C., John Doe No. 1 and John Does Nos. 2-10*, Index No. EF2020-1391 (the "New York Action"). A copy of the complaint in the New York Action is attached hereto as Exhibit A. In the New York Action, Plaintiff demands judgment for a sum "that exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just."

2. On July 8, 2020, Cannon was served with a copy of the summons and complaint. Accordingly, this Notice of Removal is timely filed within thirty (30) days of service of the summons and complaint by Cannon pursuant to 28 U.S.C. § 1446(b). A copy of the Affidavit of Service in the New York Action is attached hereto as Exhibit B.

3.     This Court has subject matter jurisdiction over the New York Action pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the State of New York and, Cannon is, for purposes of federal court jurisdiction, deemed to be a citizen of Delaware and Illinois. Furthermore, the amount in controversy exceeds seventy-five thousand dollars ($75,000.00). More specifically:

    a. Plaintiff is an individual who is domiciled in the County of Madison, State of New York. *See* Ex. A, Compl. ¶ 1. Upon information and belief, Plaintiff resides at 106 Ball Avenue, Canastota, New York 13032. For purposes of diversity jurisdiction, an individual is a deemed a citizen of the state where he or she is domiciled. *See McEachron v. Glans*, 983 F. Supp. 330, 333 (N.D.N.Y. 1997) (citation omitted). Thus, Plaintiff is a citizen of New York.

    b. Cannon is a Minnesota limited liability company whose business address is 324 Washington St., Cannon Falls, Minnesota 55009. A limited liability company takes the citizenship of its members. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citation omitted). Cannon's sole member is Marmon Retail Technologies Company ("Marmon"). Marmon is a corporation organized under the laws of the State of Delaware, with its principal place of business in Illinois. Thus, for purposes of diversity jurisdiction, Cannon is a citizen of Delaware and Illinois. *See Aladdin Capital Mgmt. LLC*, 692 F.3d at 49.

    c. Upon information and belief, Defendants John Doe No. 1 and John Does Nos. 2-10 have not been properly joined and served in this action. As of the date of

    this Notice of Removal, no affidavit of service has been filed for such defendants in the New York Action.

  d. As to the amount in controversy, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *See Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394 (2d Cir. 2003) (citation omitted). In the New York Action, Plaintiff alleges that he "sustained injuries to and about his body and limbs, internally and externally, and permanently, and he was rendered sick, sore, lame, and disabled." *See* Ex. A, Compl. ¶ 22. Plaintiff further alleges that he "has been unable to attend to his usual and customary daily activities for a long period of time and, upon information and belief, that his injuries are permanent and that he will be disabled in the future." *See id.* ¶ 23. Plaintiff also alleges that "by virtue of the same, [he] will be obligated to spend large sums of money for medical treatments in the future." *See id.* ¶ 24. As such, there exists a "reasonable probability" that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

4. This Notice of Removal is properly filed in the United States District Court for the Northern District of New York because the case was pending in the Supreme Court of the State of New York, County of Madison, which is located in this federal district. *See* 28 U.S.C. § 1441(a).

5.      Written notice of the filing of this Notice of Removal and a copy of this Notice of Removal are being served upon Plaintiff through their counsel of record and will be filed with the Clerk of the Supreme Court of the State of New York, County of Madison.

6.      Nothing in this Notice of Removal shall be interpreted as a waiver of any rights or defenses in this matter, including a demand for trial by jury trial on all issue so triable, which rights are expressly reserved.

WHEREFORE, Defendant Cannon Equipment Company, L.L.C. hereby removes this civil action pending in the Supreme Court of the State of New York, County of Madison captioned *Jacob Hilts v. Cannon Equipment Company, L.L.C., John Doe No. 1 and John Does Nos. 2-10*, Index No. EF2020-1391 to the United States District Court for the Northern District of New York.

[*remainder of page intentionally left blank; signature page to follow*]

Dated: White Plains, New York
August 5, 2020

KURZMAN EISENBERG CORBIN & LEVER, LLP

By: _____
Fred D. Weinstein, Esq. (Bar Roll # 510360)
*Attorneys for Defendant Cannon Equipment Company, L.L.C.*
One North Broadway, 12th Floor
White Plains, New York 10605
(914) 993-6025
fweinstein@kelaw.com

-and-

CARMODY TORRANCE SANDAK & HENNESSEY LLP

By: _____
Jason R. Gagnon, Esq.
*Attorneys for Defendant Cannon Equipment Company, L.L.C.*
50 Leavenworth Street
Waterbury, Connecticut 06702
(203) 575-2622
jgagnon@carmodylaw.com

To: ALEXANDER LAW OFFICE
Ralph S. Alexander, Esq.
*Attorney for Plaintiff Jacob Hilts*
106 E. Main Street
P.O. Box 220
Elbridge, New York 13060