**SUPREME COURT**
**STATE OF NEW YORK   COUNTY OF MADISON**

JACOB HILTS,                              **VERIFIED COMPLAINT**

                                   Index No.:
                         *Plaintiff,*

     *-against-*

CANNON EQUIPMENT COMPANY, L.L.C.,
JOHN DOE NO. 1 AND JOHN DOES NOS. 2-10

                         *Defendants.*

     Plaintiff, JACOB HILTS, complaining of Cannon Equipment Co.,
Inc. and John Does Nos. 1-10, hereinafter collectively referred
to as "Defendants"), by and through his attorneys, the Alexander
Law Office, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF, JACOB HILTS

     1.   That at all times hereinafter mentioned, plaintiff JACOB
HILTS was and still is a resident of the County of Madison, State
of New York.

     2.   That at all times relevant, defendant Cannon Equipment
Co., L.L.C. ("Cannon"), was and is a foreign limited liability
company duly authorized to engage and transact in the business in

the State of New York, with its principal place of business at 324 Washington St., Cannon Falls, Minnesota 55009

3.   That at all times relevant, defendant John Doe No. 1 was and is a corporation duly authorized to engage and transact in business in the State of New York and served as a vendor for the sale of Cannon goods in the State of New York.

4.   That at all times relevant, John Does Nos. 2 -10 were and are a corporation or corporations duly authorized to engage and transact in the business in the State of New York, and acquired Cannon.

5.   That at all times relevant, Cannon manufactured, sold and supplied distribution carts used by publishers for the distribution of printed materials ("Cannon Cart").

6.   That Cannon is a successor-in-interest to an inactive foreign corporation duly authorized to engage and transact in business in the State of New York that manufactured, sold and supplied Cannon Carts.

7.   That, either directly, or through a third party, Cannon sold or supplied a number of Carts to a company or corporation headquartered in the State of New York, said entity being the publisher of a newspaper known as "The Post-Standard" or "Syracuse Post-Standard".

8.   Upon information and belief, said publisher was one of the following entities:   THE HERALD PUBLISHING COMPANY, LLC d/b/a

SYRACUSE MEDIA GROUP; ADVANCE PUBLICATIONS, INC. d/b/a Advance
Central Services; ADVANCE PUBLICATIONS, INC. d/b/a THE POST
STANDARD; ADVANCE LOCAL MEDIA, LLC; THE POST STANDARD,LLC.
("MEDIA DEFENDANTS").

9.   The Media Defendants are defendants in an action
commenced by Jacob Hilts on November 5, 2018, Supreme Court,
Madison County, State of New York and bearing Index Number
EF2018-1970.   A copy of the Verified Amended Complaint is annexed
as Exhibit "A" hereto.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

10. Plaintiff repeats and realleges the allegations of
Paragraphs "1" through "9" as if fully set forth herein.

11. That at all times hereinafter mentioned, plaintiff Jacob
Hilts was engaged as an independent contractor by the Media
Defendants as a newspaper delivery man.

12. Plaintiff, and other newspaper delivery men for Media
Defendant's, were reasonably foreseeable users of the Cannon
Carts.

13. That on or about January 21, 2018, Plaintiff, while
working in his capacity as an independent contractor for the
Media Defendant(s), was utilizing a Cannon Cart outdoors, at
night, on sloped pavement with surface irregularities, in sub-
freezing temperatures when he encountered an accumulation of ice

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

causing him to slip and fall (the "Conditions").

14. That some or all of the Cannon Carts contained a warning reading, in sum and substance:

**WARNING**
**INCORRECT USE OF THIS CART MAY RESULT IN PERSONAL INJURY**
**READ & UNDERSTAND THE INSTRUCTIONS & SAFETY MANUAL FOR CARTS**

15. Plaintiff Jacob Hilts was never provided the "INSTRUCTIONS AND SAFETY MANUAL" for the Cannon Cart.

16. Upon information and belief, Defendants never provided Media Defendants the "INSTRUCTIONS AND SAFETY MANUAL" for any Cannon Cart.

17. Upon information and belief, Defendants never provided Media Defendants any training or instruction on the safe and proper use of the Cannon Cart(s).

18. Upon information and belief, Defendants never informed Media Defendants of the importance of providing carriers the "INSTRUCTIONS AND SAFETY MANUAL", independent of the warning placed on the Carts.

19. Upon information and belief, Defendants failed to properly convey the content, sum and substance of the "INSTRUCTIONS AND SAFETY MANUAL" for the Cannon Cart(s) to the Media Defendants.

20. Upon information and belief, the "INSTRUCTIONS AND SAFETY MANUAL" contained warnings relative to use of the Cannon Carts under one or more of the following Conditions:  use on snow

and/or ice; use in sub-freezing temperatures; use on surfaces containing potholes and similar defects; use on sloped surfaces; use of carts outdoors and use of carts at night, or where visibility is otherwise reduced.

21. That said Conditions, alone or in combination, proximately caused Plaintiff Jacob Hilts to slip and fall while using the Cannon Cart.

22. That by reason of the foregoing, the plaintiff Jacob Hilts sustained injuries to and about his body and limbs, internally and externally, and permanently, and he was rendered sick, sore, lame, and disabled.

23. That by reason of the foregoing, Jacob Hilts has been unable to attend to his usual and customary daily activities for a long period of time and, upon information and belief, that his injuries are permanent and that he will be disabled in the future.

24. That by virtue of the same, Jacob Hilts will be obligated to spend large sums of money for medical treatments in the future.

25. That the injuries sustained by Jacob Hilts were caused by reason of the negligence, carelessness and recklessness of the defendants.

26. That at all times herein mentioned, the plaintiff Jacob Hilts did not contribute to the happening of the event nor to

the injuries sustained by him nor by any act or omission on his part.

27. That plaintiff's cause of action fall within one or more of the exceptions set forth under Section 1602 of the New York Civil Practice Law and Rules.

### SECOND CAUSE OF ACTION

### FAILURE TO PLACE WARNINGS ON THE CART (INADEQUATE WARNINGS)

28. Plaintiff repeats and realleges the allegations of Paragraphs "1" through "27" as if fully set forth herein.

29. The Conditions Plaintiff encountered as alleged created a dangerous and hazardous condition to any pedestrian, and more so, to an end user of the Cannon Cart while transporting goods.

30. The warning(s) in place on the Cannon Carts at the time of sale to Media Defendants failed to include any warning(s) of the Conditions encountered by Plaintiff Jacob Hilts.

31. That by virtue of the foregoing, Defendants were negligent in failing to provide plaintiff adequate warnings of the dangers posed by the Cannon Carts.

### THIRD CAUSE OF ACTION
### FAILURE TO WARN

32. Plaintiff repeats and realleges the allegations of Paragraphs "1" through "31" as if fully set forth herein.

33. Upon information and belief, the "INSTRUCTIONS AND SAFETY MANUAL" wholly failed to contain warnings relative to use

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

of the Cannon Carts under one or more of the following conditions: use on snow and/or ice; use in sub-freezing temperatures; use on surfaces containing potholes and similar defects; use on sloped surfaces; use of carts outdoors; use of carts at night, where visibility is otherwise reduced.

34. That the Conditions encountered by Plaintiff as alleged were a substantial factor in the happening of the incident.

35. Defendants knew or should have known that use of the Carts under the Conditions alleged created an increased risk of injury to end users.

36. That by virtue of the foregoing, Defendants were negligent in failing to provide plaintiff adequate warnings of the dangers posed by the Cannon Carts.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

      i.    A sum in favor of Plaintiff that exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on each Cause of Action against defendants;

      ii.   The costs and disbursements incurred in bringing this lawsuit; and

     iii.  Such other and further relief as the Court determines provides justice to Plaintiff Jacob Hilts.

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

Case 5:20-cv-00877-FJS-TWD   Document 6-2   Filed 08/11/20   Page 8 of 21

Yours, etc.,
**ALEXANDER LAW OFFICES**
Attorney for Plaintiff
*Jacob Hilts*
Office and P.O. Address
106 East Main St. Box 220
Elbridge, New York  13060


BY: _____
Ralph S. Alexander, Esq.


DATED:     June _24th_, 2020
           Syracuse, New York


TO:   Cannon Equipment, LLC
      324 Washington St. W.
      Cannon Falls, MN 55009



CC:   RONALD DEBRUCQUE
      6998 HARP ROAD
      CANASTOTA, NEW YORK 13032


      DEBRUCQUE EQUIPMENT COMPANY, LLC
      3 TECHNOLOGY BOULEVARD
      CANASTOTA, NEW YORK 13202


      DEBRUCQUE CLEVELAND TRAMRAIL SYRACUSE COMPANY, LLC
      3 TECHNOLOGY BOULEVARD
      CANASTOTA, NEW YORK 13202


      THE HERALD PUBLISHING COMPANY, LLC
      d/b/a SYRACUSE MEDIA GROUP

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

1 CLINTON PLAZA
SYRACUSE, NEW YORK 13202


ADVANCE PUBLICATIONS, INC.
d/b/a Advance Central Services Syracuse
ONE WORLD TRADE CENTER
N.Y., N.Y., 10007


ADVANCE PUBLICATIONS, INC.
d/b/a THE POST STANDARD
ONE WORLD TRADE CENTER
N.Y., N.Y., 10007

THE POST STANDARD, LLC

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

## **VERIFICATION**

Ralph S. Alexander, affirms under the penalty of perjury that he is the

attorney for Plaintiff Jacob Hilts herein and that plaintiff's verified complaint is true to

his own knowledge, except as to matters therein stated upon information and belief and

as to those matters, he believes them to be true; that the grounds of affirmant's belief to

all matters not stated upon his knowledge are interviews with the plaintiff and

correspondence and all other writings furnished by him; the reason why the verification is

not made by the plaintiff is that he resides in a County in the State of New York where

affirmant does not maintain an office.

DATED: 6/24/2020

Ralph S. Alexander

Case 5:20-cv-00877-FJS-TWD     Document 6-2     Filed 08/11/20     Page 11 of 21

# EXHIBIT A

**SUPREME COURT**
**STATE OF NEW YORK    COUNTY OF MADISON**

JACOB HILTS,                                           **VERIFIED AMENDED**
                                                       **COMPLAINT**

                                 *Plaintiff,*          Index No.: EF2018-1970

         -against-


RONALD DEBRUCQUE,
DEBRUCQUE EQUIPMENT COMPANY, LLC,
DEBRUCQUE CLEVELAND TRAMRAIL SYRACUSE COMPANY, LLC,
THE HERALD PUBLISHING COMPANY, LLC
     d/b/a SYRACUSE MEDIA GROUP,
ADVANCE PUBLICATIONS, INC.
     d/b/a Advance Central Services Syracuse ,
ADVANCE PUBLICATIONS, INC.
     d/b/a THE POST STANDARD,
ADVANCE LOCAL MEDIA, LLC,
THE POST STANDARD, LLC,


                                 *Defendants.*


         Plaintiff, JACOB HILTS, complaining of  RONALD DEBRUCQUE;
DEBRUCQUE EQUIPMENT COMPANY, LLC; DEBRUCQUE CLEVELAND TRAMRAIL
SYRACUSE COMPANY, LLC; THE HERALD PUBLISHING COMPANY, LLC D/B/A
SYRACUSE MEDIA GROUP; ADVANCE PUBLICATIONS, INC. D/B/A ADVANCE
CENTRAL SERVICES SYRACUSE; ADVANCE PUBLICATIONS, INC. d/b/a THE
POST STANDARD, ADVANCE LOCAL MEDIA, LLC, and THE POST
STANDARD, LLC, (hereinafter collectively referred to as
"Defendants"), by and through his attorneys, the Alexander Law
Office, respectfully alleges as follows:

INDEX NO. EF2020-1391
RECEIVED NYSCEF: 06/24/2020

Case 5:20-cv-00877-FJS-TWD    Document 6-2    Filed 08/11/20    Page 13 of 21

**AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, JACOB HILTS**

1.  That at all times hereinafter mentioned, plaintiff JACOB
HILTS was and still is a resident of the County of Madison, State
of New York.

2.  That at all times hereinafter mentioned, upon
information and belief, defendant Ronald Debrucque was and still
is a resident of the County of Madison, State of New York with a
residence at 6998 Harp Road, Canastota, New York 13032.

3.  That at all times hereinafter mentioned, Ronald
Debrucque was and is the owner of real property in the County of
Madison, State of New York with a Post Office Address of 3
Technology Blvd., Canastota, New York 13032.

4.  That at all times relevant, defendant DEBRUCQUE
EQUIPMENT COMPANY, LLC was a domestic corporation duly authorized
to engage and transact in the business in the State of New York,
with its principal place of business at 3 Technology Blvd.,
Canastota, New York 13032.

5.  That at all times relevant, defendant DEBRUCQUE
CLEVELAND TRAMRAIL SYRACUSE COMPANY, LLC was a domestic
corporation duly authorized to engage and transact in the
business in the State of New York, with its principal place of
business at 3 Technology Blvd., Canastota, New York 13032.

6.  That at all times relevant, defendant THE HERALD

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

Case 5:20-cv-00877-FJS-TWD   Document 6-2   Filed 08/11/20   Page 14 of 21

PUBLISHING COMPANY, LLC d/b/a SYRACUSE MEDIA GROUP, was and is a foreign corporation duly authorized to engage and transact in the business in the State of New York, with its principal place of business at 1 Clinton Square, Syracuse, New York 13202.

7.  That at all times relevant, defendant ADVANCE PUBLICATIONS, INC. d/b/a Advance Central Services was and is a domestic corporation duly authorized to engage and transact in the business in the State of New York, with its principal place of business at One World Trade Center, New York, New York 10007.

8.  That at all times relevant, ADVANCE PUBLICATIONS, INC. d/b/a THE POST STANDARD was and is a domestic corporation duly authorized to engage and transact in the business in the State of New York, with its principal place of business at One World Trade Center, New York, New York 10007.

9.  That at all times relevant, defendant THE HERALD PUBLISHING COMPANY, LLC d/b/a SYRACUSE MEDIA GROUP, leased or otherwise occupied a portion of the premises located at 3 Technology Blvd., Canastota, New York 13032.

10. That at all times relevant, defendant ADVANCE PUBLICATIONS, INC. d/b/a Advance Central Services leased or otherwise occupied a portion of the premises located at 3 Technology Blvd., Canastota, New York 13032.

11.  That at all times relevant, ADVANCE PUBLICATIONS, INC. d/b/a THE POST STANDARD leased or otherwise occupied a portion of

the premises located at 3 Technology Blvd., Canastota, New York
13032.

12. That at all times relevant, ADVANCE LOCAL MEDIA, LLC,
leased or otherwise occupied a portion of the premises located at
3 Technology Blvd., Canastota, New York 13032.

13. That at all times relevant, THE POST STANDARD,LLC,
leased or otherwise occupied a portion of the premises located at
3 Technology Blvd., Canastota, New York. (THE HERALD PUBLISHING
COMPANY, LLC D/B/A SYRACUSE MEDIA GROUP; ADVANCE PUBLICATIONS,
INC. D/B/A ADVANCE CENTRAL SERVICES SYRACUSE, ADVANCE
PUBLICATIONS, INC. d/b/a THE POST STANDARD and JOHN DOE No. 1
hereinafter collectively "THE MEDIA DEFENDANTS")

14. That at all times hereinafter mentioned, plaintiff Jacob
Hilts was engaged by the Media Defendants as a newspaper delivery
man.

15. That at all times hereinafter mentioned, defendant
Ronald Debrucque enjoyed the benefit of a number of commercial
occupants and/or commercial tenants at the premises.

16. That one of the commercial occupants of the Premises was
one of the Media Defendants.

17. That at all times hereinafter mentioned, defendant
Ronald Debrucque hired, engaged, contracted with and/or employed
one or more of the Media Defendants to keep clear the parking and
loading areas of the Premises, and in particular, the parking and

loading area leased and/or occupied by the Media Defendants free of snow, ice, slush and other dangerous materials.

18. That at all times relevant, defendant DEBRUCQUE EQUIPMENT COMPANY, LLC was hired, engaged, contracted with and employed to keep clear the parking and loading areas of the Premises", and in particular, the parking and loading area leased and/or occupied by the Media Defendants, clear and free of snow, ice, slush and other dangerous materials.

19. That at all times relevant, defendant DEBRUCQUE CLEVELAND TRAMRAIL SYRACUSE COMPANY, LLC was hired, engaged, contracted with and employed to keep clear the parking and loading areas of the Premises", and in particular, the parking and loading area leased and/or occupied by the Media Defendants, clear and free of snow, ice, slush and other dangerous materials.

20. That at all times relevant, defendant RONALD DEBRUCQUE undertook to keep clear the parking and loading areas of the Premises, and in particular, the parking and loading area leased and/or occupied by the Media Defendants, clear and free of snow, ide, slush and other dangerous materials in his individual capacity.

21. That on or about January 21, 2018, Plaintiff, while working in his capacity as an independent contractor for the Media Defendant(s), encountered an accumulation of ice at the parking/ loading area of the premises causing him to slip and

Case 5:20-cv-00877-FJS-TWD    Document 6-2    Filed 08/11/20    Page 17 of 21

fall.

22. That at all times hereinafter mentioned, the area of wherein plaintiff encountered the accumulation of ice on January 21, 2018 was occupied by one or more of the defendants herein, and was and is held open to plaintiff Jacob Hilts with an invitation to come upon the land for the benefit of one or more of the Media Defendants herein, and the owner.

23. Defendants owed the affirmative duty to keep the premises reasonably safe from hazards associated with accumulations of ice and snow.

24. That on that January 21, 2018, and in the days preceding that date, the Defendants, their agents, servants and employees were negligent in their efforts, if any, at removing snow and ice in the defendants' parking and loading area and thereby allowed a dangerous accumulation of ice to form and remain.

25. That by reason of the foregoing, the plaintiff  Jacob Hilts sustained injuries to and about his body and limbs, internally and externally, and permanently, and he was rendered sick, sore, lame, and disabled.

26. That by reason of the foregoing, Jacob Hilts has been unable to attend to his usual and customary daily activities for a long period of time and, upon information and belief, that his injuries are permanent and that he will be disabled in the future.

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

Case 5:20-cv-00877-FJS-TWD    Document 6-2    Filed 08/11/20    Page 18 of 21

27. That by virtue of the same, Jacob Hilts will be obligated to spend large sums of money for medical treatments in the future.

28. That the injuries sustained by Jacob Hilts were caused by reason of the negligence, carelessness and recklessness of the defendants.

29. That at all times herein mentioned, the plaintiff Jacob Hilts did not contribute to the happening of the event nor to the injuries sustained by him nor by any act or omission on his part.

30. Upon information and belief, defendants created the dangerous and defective condition existing at the parking and loading area of the Premises.

31. Upon information and belief, defendants had actual knowledge and notice of the dangerous condition existing or that the condition had existed for a sufficient length of time prior to January 21, 2018 that the defendants could and should have had such knowledge and notice.

32. That plaintiff's cause of action fall within one or more of the exceptions set forth under Section 1602 of the New York Civil Practice Law and Rules.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

      i.    A sum in favor of Plaintiff that exceeds the

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

Case 5:20-cv-00877-FJS-TWD    Document 6-2    Filed 08/11/20    Page 19 of 21

jurisdictional limits of all lower courts which the

jury would find to be fair, adequate and just on

the First Cause of Action against defendant;

ii.    The costs and disbursements incurred in bringing

this lawsuit; and

iii.   Such other and further relief as the Court

determines provides justice to Plaintiff Jacob

Hilts.

Yours, etc.,
**ALEXANDER LAW OFFICES**
Attorney for Plaintiff
*Jacob Hilts*
Office and P.O. Address
106 East Main St. Box 220
Elbridge, New York  13060

BY: _____

Ralph S. Alexander, Esq.

DATED:    June _____, 2020
          Syracuse, New York

TO:    RONALD DEBRUCQUE
       6998 HARP ROAD
       CANASTOTA, NEW YORK 13032


       DEBRUCQUE EQUIPMENT COMPANY, LLC
       3 TECHNOLOGY BOULEVARD
       CANASTOTA, NEW YORK 13202

ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

DEBRUCQUE CLEVELAND TRAMRAIL SYRACUSE COMPANY, LLC
3 TECHNOLOGY BOULEVARD
CANASTOTA, NEW YORK 13202


THE HERALD PUBLISHING COMPANY, LLC
d/b/a SYRACUSE MEDIA GROUP
1 CLINTON PLAZA
SYRACUSE, NEW YORK 13202


ADVANCE PUBLICATIONS, INC.
d/b/a Advance Central Services Syracuse
ONE WORLD TRADE CENTER
N.Y., N.Y., 10007


ADVANCE PUBLICATIONS, INC.
d/b/a THE POST STANDARD
ONE WORLD TRADE CENTER
N.Y., N.Y., 10007

THE POST STANDARD, LLC


ALEXANDER LAW OFFICE * 106 E. MAIN ST., ELBRIDGE, NEW YORK * P.O. BOX 220

## VERIFICATION

Ralph S. Alexander, affirms under the penalty of perjury that he is the

attorney for Plaintiff Jacob Hilts herein and that plaintiff's verified amended complaint is

true to his own knowledge, except as to matters therein stated upon information and

belief and as to those matters, he believes them to be true; that the grounds of affirmant's

belief to all matters not stated upon his knowledge are interviews with the plaintiff and

correspondence and all other writings furnished by him; the reason why the verification is

not made by the plaintiff is that he resides in a County in the State of New York where

affirmant does not maintain an office.

DATED: _6/18/2020_

Ralph S. Alexander