UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JACOB HILTS,

        Plaintiff,

     -against-

CANNON EQUIPMENT COMPANY, L.L.C., JOHN DOE
NO. 1 and JOHN DOES NOS. 2-10,

        Defendants.
------------------------------------------------------------------------X

Docket No. 5:20-cv-877
(FJS/TWD)

## CANNON EQUIPMENT COMPANY, L.L.C'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

*Kurzman Eisenberg Corbin & Lever, LLP*
*Attorneys for Defendant Cannon Equipment Company, L.L.C.*
*One North Broadway, 12th Floor*
*White Plains, New York 10601*
*(914) 993-6025*

{W3232095}

# TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES…………………………………………….  ii

PRELIMINARY STATEMENT……………………………………….  1

LEGAL ARGUMENTS………………………………………………..  3

POINT I:   STANDARD OF REVIEW……………………………….  3

POINT II:  PLAINTIFF FAILS TO ALLEGE FACTS ESTABLISHING CAUSATION…………………………………………….  5

POINT III: PLAINTIFF'S CLAIMS FAIL AS THERE IS NO DUTY TO WARN OF OPEN AND OBVIOUS DANGERS……………...  7

CONCLUSION……………………………………………………...  10

# **TABLE OF AUTHORITIES**

**CASES** **Pages**

*Amica Mut. Ins. v. Electrolux Home Products, Inc.* ............................................................... 8-9
   440 F. Supp. 3d 211 (W.D.N.Y. 2020)

*Ashcroft v. Iqbal* ....................................................................................................................... 2-5
   556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly* ....................................................................................................... 3-5
   550 U.S. 544 (2007)

*Burlington Ins. v. NYC Transit Auth.* ......................................................................................... 6
   79 N.E.3d 477 (N.Y. 2017)

*Butnick v. Gen. Motors Corp.* ...................................................................................................... 7
   472 F. App'x 80 (2d Cir. 2012)

*Cavanaugh v. Ford Motor Co.* ................................................................................................. 5-6
   No. 13-CV-4584(JS)(WDW), 2014 WL 2048571 (E.D.N.Y. May 19, 2014)

*Fitzgerald v. Fed. Signal Corp.* ............................................................................................ 3, 7, 9
   883 N.Y.S.2d 67 (N.Y. App. Div. 2d Dep't 2009)

*In re Arab Bank, PLC Alien Tort Statute Litig.* ........................................................................... 3
   808 F.3d 144 (2d Cir. 2015)

*Jackson v. Gen. Motors Corp.* ..................................................................................................... 7
   770 F. Supp. 2d 570 (S.D.N.Y. 2011), *aff'd sub nom*, 472 F. App'x 80 (2d Cir. 2012)

*McGrath v. Bayer HealthCare Pharm. Inc.* ................................................................................. 7
   393 F. Supp. 3d 161 (E.D.N.Y. 2019)

*McMurry v. Inmont Corp.* ........................................................................................................ 8-9
   694 N.Y.S.2d 157 (N.Y. App. Div. 2d Dep't 1999)

*Reed v. Pfizer, Inc.* ....................................................................................................................... 5
   839 F. Supp. 2d 571 (E.D.N.Y. 2012)

*S.F. v. Archer-Daniels-Midland Co.* ............................................................................................ 5
   No. 13-CV-634S, 2014 WL 1600414 (W.D.N.Y. Apr. 21, 2014) ), *aff'd*, 594 F. App'x 11 (2d Cir. 2014

*Wood v. Medtronic, Inc.* ............................................................................................................. 5
   No. 14-CV-6298 (CJS), 2015 WL 5793602 (W.D.N.Y. Oct. 2, 2015)

**COURT RULES**

Fed. R. Civ. P. 8 ....................................................................................................................... 2-3
Fed. R. Civ. P. 12 .............................................................................................................1, 3, 7, 10

I.     **PRELIMINARY STATEMENT**

Defendant Cannon Equipment Company, L.L.C. ("Defendant" or "Cannon") respectfully submits this memorandum of law in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss the Complaint filed by Plaintiff Jacob Hilts ("Plaintiff" or "Mr. Hilts") for failure to state a claim upon which relief can be granted.[1]  As set forth more fully below, Plaintiff's Complaint should be dismissed in its entirety, including his claims for negligence (First Cause of Action), inadequate warnings (Second Cause of Action), and failure to warn (Third Cause of Action).  More specifically, Plaintiff fails to state a claim because he fails to allege facts capable of establishing causation (either proximate cause or causation in fact) or a duty to warn of an open and obvious danger.

This is ostensibly a product liability action in which Mr. Hilts alleges that, while he was working as an independent contractor of one or more newspaper companies as a newspaper deliveryman "outdoors, at night, on sloped pavement with surface irregularities, in sub-freezing temperatures . . . he encountered an accumulation of ice causing him to slip and fall" (hereinafter, the "Conditions").  *See* Ex. A to Weinstein Decl., Compl. ¶¶ 12-13.  It is further alleged that, at the time of his slip and fall, Mr. Hilts was using a Cannon cart of unidentified model and date of manufacture.  *See id.*  Mr. Hilts has alleged that Cannon was the manufacturer of the cart at issue and that Cannon is liable for the injuries allegedly resulting from his slip and fall because: (1) Cannon allegedly failed to provide warnings to the newspaper companies and/or end users of Cannon carts concerning their use in the Conditions encountered by Mr. Hilts at the time of his slip and fall; (2) Cannon allegedly "failed to include [on the cart itself] any warning(s) of the

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Declaration of Fred D. Weinstein, Esq., dated August 11, 2020 (the "Weinstein Decl.").

Conditions encountered" by Mr. Hilts; and (3) Cannon allegedly failed to provide any warnings in its "INSTRUCTIONS AND SAFETY MANUAL"

> relative to [the] use of the Cannon Carts under one or more of the following conditions: use on snow and/or ice; use in sub-freezing temperatures; use on surfaces containing potholes and similar defects; use on sloped surfaces; use of carts outdoors; use of carts at night, where visibility is otherwise reduced.

*See id.* ¶¶ 10-36.

As is apparent on the face of the Complaint, Plaintiff's action against Cannon is nothing more than an attempt to contort a premises liability claim into one for product liability. In fact, two (2) years prior to bringing this action against Cannon, Plaintiff filed a premises liability action against numerous entities in New York State Court alleging that Plaintiff's injuries were the result of those defendants' negligence in "removing snow and ice in the defendants' parking and loading area" thereby allowing "a dangerous accumulation of ice to form and remain." *See* Ex. A to Compl., Premises Liability Compl. ¶ 24. Plaintiff's premises liability action makes no mention of his use of a Cannon cart at the time of his slip and fall, let alone any allegation that the use of the cart caused his accident. *See generally id.*

In the present action, each count of Plaintiff's Complaint and the allegations contained therein are conclusory and contain no facts whatsoever concerning how the subject cart allegedly caused or even contributed to Plaintiff's slip and fall. In short, Plaintiff has completely ignored the element of causation. Because Plaintiff's claims are composed entirely of conclusory, threadbare recitations of (some of) the elements of the causes of action asserted therein, Plaintiff fails to state plausible claims upon which relief may be granted. *See* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). Absent any facts capable of showing that Plaintiff's claims are even plausible, Plaintiff's Complaint should be dismissed in its entirety.

Moreover, even if Plaintiff had set forth facts touching upon the element of causation, he cannot overcome clear New York law which provides that there is no duty to warn of an open and obvious danger. *See Fitzgerald v. Fed. Signal Corp.*, 883 N.Y.S.2d 67, 69 (N.Y. App. Div. 2d Dep't 2009). As Plaintiff himself concedes, "[t]he conditions the plaintiff encountered as alleged created a dangerous and hazardous condition to any pedestrian." *See* Compl. ¶ 29. While he alleges that the Conditions were made more dangerous to an end user of a Cannon cart, he has not set forth a single factual allegation in furtherance of his claim. Even if he could, a warning on the cart or in the cart manual as described by Plaintiff would only help an end user who was already aware of the Conditions, making the danger open and obvious and obviating any alleged duty to warn. As a result, Plaintiff has further failed to state a claim upon which relief can be granted and, therefore, his Complaint should be dismissed.

## II. LEGAL ARGUMENTS

### POINT I

### STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. "To survive a motion to dismiss, a complaint must contain ***sufficient factual matter***, accepted as true, to state a claim to relief that is plausible on its face." *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 151 (2d Cir. 2015) (internal quotation marks and citations omitted) (emphasis added). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citations omitted).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

"[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557-58 (internal quotation marks and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (third alteration in original) (internal quotation marks and citations omitted).

Defendant respectfully submits that Plaintiff's Complaint does not allege, and Plaintiff cannot establish, essential predicate facts, namely concerning causation and a duty to warn, to sustain his Complaint.

## POINT II

## PLAINTIFF FAILS TO ALLEGE FACTS ESTABLISHING CAUSATION

All three counts of Plaintiff's Complaint are predicated on the allegation that Mr. Hilts was using a Cannon cart "outdoors, at night, on sloped pavement with surface irregularities, in sub-freezing temperatures when he encountered an accumulation of ice causing him to slip and fall." *See* Compl. ¶ 13. This brief description of the incident is the only allegation of how the accident occurred. The Complaint is devoid of any factual allegations setting forth how the cart or a failure to warn is alleged to have caused or contributed to Mr. Hilts' slip and fall.

Indeed, Mr. Hilts concedes that the Conditions he "encountered . . . created a dangerous and hazardous condition to any pedestrian." *Id.* ¶ 29. However, he alleges only in conclusory fashion that Cannon "knew or should have known that the use of the Carts under the Conditions alleged created an increased risk of injury to end users." *Id.* ¶ 35. These cursory allegations are comprised of entirely conclusory statements and devoid of any facts that would allow this Court to infer that Plaintiff's conclusions are plausible and, as a result, should be dismissed. *See Iqbal*, 556 U.S. at 678-80; *Twombly*, 550 U.S. at 555-57; *Cavanaugh v. Ford Motor Co.*, No. 13-CV-4584(JS)(WDW), 2014 WL 2048571, at *2-5 (E.D.N.Y. May 19, 2014); *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 574-77 (E.D.N.Y. 2012); *see also Wood v. Medtronic, Inc.*, No. 14-CV-6298 (CJS), 2015 WL 5793602, at *4-5 (W.D.N.Y. Oct. 2, 2015) (dismissing conclusory product liability claim); *S.F. v. Archer-Daniels-Midland Co.*, No. 13-CV-634S, 2014 WL 1600414, at *4 (W.D.N.Y. Apr. 21, 2014) (*Twombly and Iqbal* dispelled notion that implausible claims can be weeded-out in discovery), *aff'd*, 594 F. App'x 11 (2d Cir. 2014).

Here, Plaintiff has alleged no facts capable of establishing that the cart caused or contributed to Plaintiff's slip and fall or how use of the cart was more dangerous than the threat

that Plaintiff recognizes as one that any pedestrian faces when confronted with the Conditions Plaintiff alleges existed at the time of the slip and fall.  In fact, Plaintiff has not even so much as alleged that the cart or a failure to warn were the proximate or cause in fact of his accident.  Rather, he has alleged that the "**Conditions**, **alone or in combination**, proximately caused Plaintiff Jacob Hilts to slip and fall while using the Cannon Cart."  *See* Compl. ¶ 21 (emphasis added).  As to Cannon, Plaintiff has simply alleged that Cannon failed to provide warnings.  How the use of the cart or the alleged failure to warn is supposed to have contributed to Plaintiff's slip and fall is left to the imagination of the reader.

The *Cavanaugh* decision is particularly instructive.  In *Cavanaugh*, the plaintiff alleged that he was using a Ford bucket truck when it malfunctioned and caused him injury.  *See* 2014 WL 2048571, at *1.  Based on this and an allegation that the *Cavanaugh* plaintiff was using the bucket truck properly, he concluded that the bucket truck was defective in its design, manufacture, warning, and warranty.  *See id.*  The *Cavanaugh* plaintiff did not, however, allege any facts to show that these conclusions were plausible.  *See id.* at *2-5.  Therefore, the *Cavanaugh* court dismissed the complaint.  *See id.*  Like the complaint in *Cavanaugh*, in the present case the Complaint also fails to allege requisite facts to show that the conclusory allegations are plausible.

Further, the law requires Plaintiff to allege causation.  "It is well established in our law that 'but for' causation, or causation in fact, is '[t]he cause without which the event could not have occurred.'"  *Burlington Ins. v. NYC Transit Auth.,* 79 N.E.3d 477, 481 (N.Y. 2017) (alteration in original) (citations omitted).  It is equally well established that

> "but for" causation cannot be partial.  An event may not be wholly or partially connected to a result, it either is or is not connected.  Stated differently, although there may be more than one proximate cause, all "but for" causes bear some connection to the outcome even if all do not lead to legal liability.

*Id.* at 482.

Courts in this Circuit routinely dismiss complaints where the plaintiffs have failed, as here, to properly plead facts establishing causation. *See, e.g.*, *Butnick v. Gen. Motors Corp.*, 472 F. App'x 80, 81-82 (2d Cir. 2012) (affirming District Court's dismissal for "failure to adequately plead proximate causation under New York state law with respect to their failure-to-warn claims"); *McGrath v. Bayer HealthCare Pharm. Inc.*, 393 F. Supp. 3d 161, 171-72 (E.D.N.Y. 2019) (granting 12(b)(6) motion where plaintiff "has not adequately pleaded that her injuries were caused by [the defendant's] failure to warn or were otherwise reasonably foreseeable to [the defendant]"); *Jackson v. Gen. Motors Corp.*, 770 F. Supp. 2d 570, 578-79 (S.D.N.Y. 2011), *aff'd sub nom*, 472 F. App'x 80 (2d Cir. 2012) (dismissing failure to warn claims because, *inter alia*, the plaintiffs "failed to adequately plead proximate causation").  In this case, Plaintiff's Complaint fatally fails to set forth any allegations or facts establishing that 'but for' the cart and/or Cannon's alleged failure to warn, his slip and fall would not have occurred.

As Plaintiff has failed to provide any facts establishing or even concerning causation, either proximate cause or causation in fact, with respect to the cart or a failure to warn, the entirety of his Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**POINT III**

**PLAINTIFF'S CLAIMS FAIL AS THERE IS NO DUTY TO WARN OF OPEN AND OBVIOUS DANGERS**

In addition to the failure to allege causation, dismissal of the Complaint is also warranted because Plaintiff admits that there was an open and obvious danger.  "There is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense."  *Fitzgerald*, 883 N.Y.S.2d at 69 (citations omitted) (dismissing failure to warn claims of firefighters who brought action to recover for permanent hearing damage resulting from exposure to sirens).  "[A] Court may dismiss failure

to warn claims where the hazard is open and obvious, or where there is no evidence that additional warnings would have added to the consumer's appreciation of the risk." *Amica Mut. Ins. v. Electrolux Home Prods., Inc.*, 440 F. Supp. 3d 211, 220 (W.D.N.Y. 2020); *see also McMurry v. Inmont Corp.*, 694 N.Y.S.2d 157, 158-59 (N.Y. App. Div. 2d Dep't 1999) (upholding dismissal of fabric processing employee's action where plaintiff, a machinist, "should have been aware of the patent hazard inherent in his conduct, and a warning would not have added anything to the appreciation of this hazard").

Here, Plaintiff has admitted in his Complaint that the Conditions alleged to have existed at the time of his slip and fall posed a "dangerous and hazardous condition to any pedestrian." *See* Compl. ¶ 29. In other words, an accumulation of ice and snow is a known hazard to pedestrians. As such, because ice poses a known danger there can be no duty to warn imposed on Cannon as by observation, experience, and common-sense, walking on ice in and of itself poses a danger irrespective of whether a pedestrian was using a Cannon cart at the time. Indeed, Plaintiff has not even alleged that he was unaware of the presence of ice and snow or that the other Conditions alleged to have been present at the time of the incident. Even assuming Plaintiff was not aware of the existence of the Conditions, he does not allege how they were not apparent to him. Moreover, as noted above, Plaintiff's Complaint fails to allege facts establishing how the use of the cart creates a danger greater than the known danger facing pedestrians traversing areas of ice and/or snow accumulation which would require an additional warning. As Cannon is not alleged to have had control of or authority over the premises where the slip and fall occurred, the duty to warn of the presence of ice and snow cannot be imposed on Cannon.

Similarly, the warning proposed by Plaintiff, namely that use of the cart on ice and snow is dangerous, would only be effective where the user was already aware of the presence of ice and

snow. In the absence of such knowledge, there would be no reason to take precautions or heed such a warning. However, if the end user was already aware of the presence of ice and snow, there would be no need and no duty to warn as the danger would be open and obvious as demonstrated by Plaintiff's concession that such Conditions pose a hazard to pedestrians in general. *See* Compl. ¶ 29; *see also Fitzgerald*, 883 N.Y.S.2d at 69; *Amica Mut. Ins.*, 440 F. Supp. 3d at 220; *McMurry*, 694 N.Y.S.2d at 158-59. An additional warning when ice accumulation is a known hazard would serve no additional benefit.

Accordingly, as the law imposes no duty to warn on Cannon, Plaintiff's Complaint should be dismissed.

### III. CONCLUSION

Plaintiff's claims for negligence, inadequate warnings, and failure to warn are composed of nothing more than conclusory allegations. They contain no factual allegations establishing or supporting the necessary element of causation or a duty to warn. Such conclusory allegations coupled with the other deficiencies in Plaintiff's Complaint are insufficient to state plausible causes of action for negligence, inadequate warnings, or failure to warn. For these reasons and those set forth in Cannon's moving papers, Cannon respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: August 11, 2020
      White Plains, New York

KURZMAN EISENBERG CORBIN & LEVER, LLP

By: _/s/ Fred D. Weinstein_
Fred D. Weinstein, Esq. (Bar Roll # 510360)
*Attorneys for Defendant Cannon Equipment Company, L.L.C.*
One North Broadway, 12th Floor
White Plains, New York 10601
(914) 993-6025
fweinstein@kelaw.com

-and-

CARMODY TORRANCE SANDAK & HENNESSEY LLP

Jason R. Gagnon, Esq.
(*seeking admission pro hac vice*)
*Attorneys for Defendant Cannon Equipment Company, L.L.C.*
50 Leavenworth Street
Waterbury, Connecticut 06702
(203) 575-2622
jgagnon@carmodylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2020, a true and correct copy of the foregoing was served on the counsel of record for Plaintiff through the Court's CM/ECF system.

_____
Fred D. Weinstein