STATE OF NEW YORK
COUNTY OF MADISON    SUPREME COURT

Present: Hon. Donald F. Cerio, Jr.
        Acting Supreme Court Justice

---

JACOB HILTS,                                         DECISION AND ORDER
                        Plaintiff,

v.                                                   Index No. EF2018-1970

RONALD DEBRUCQUE,
DEBRUCQUE EQUIPMENT COMPANY, LLC
DEBRUCQUE CLEVELAND TRAMRAIL
SYRACUSE COMPANY, LLC
DEBRUCQUE GREENHOUSES, LLC
THE HERALD PUBLISHING COMPANY, LLC
    d/b/a SYRACUSE MEDIA GROUP,
ADVANCE PUBLICATIONS, INC.
    d/b/a Advance Central Services Syracuse,
ADVANCES PUBLICATIONS, INC.,
    d/b/a THE POST STANDARD,
JOHN DOE No. 1, JOHN DOE No. 2 and
JOHN DOE No. 3,

                        Defendants.

---

The above-entitled matter was heard in Madison County Supreme Court on February 7, 2020, upon the following submissions:

<u>Plaintiff Jacob Hilts</u>

September 27, 2019, Notice of Motion for Summary Judgment and Leave to Amend
September 27, 2019, Attorney Affirmation of Ralph S. Alexander, Esq.
March 7, 2019, Affidavit of Jacob Hilts
February 5, 2020, Attorney Affirmation in Reply and Opposition of Attorney Alexander

<u>Defendants Ronald Debrucque, Debrucque Equipment Company, LLC, Debrucque Cleveland Tramrail Syracuse Company, LLD and Debrucque Greenhouses, LLC</u>

Page 1 of 5

January 31, 2020, Notice of Cross-Motion seeking dismissal
January 31, 2020, Affidavit in Support of Cross-Motion for Partial Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment of Shawn T. Nash, Esq.
January 29, 2020, Affidavit of Ronald Debrucque
February 5, 2020, Attorney Affirmation in Opposition to Cross-Motion of Attorney Nash

<u>Defendants ADVANCE PUBLICATIONS, INC., d/b/a Advance Central Services Syracuse, ADVANCES PUBLICATIONS, INC., d/b/a THE POST STANDARD</u>

January 31, 2020, Notice of Cross-Motion seeking Dismissal
January 31, 2020, Affirmation in Support of Daniel J. Goodstadt, Esq.
January 31, 2020, Memorandum of Law In Support of ADVANCE PUBLICATIONS, INC., d/b/a ADVANCE CENTRAL SERVICES OF SYRACUSE and ADVANCE PUBLICATIONS, INC., d/b/a THE POST STANDARD MOTION FOR SUMMARY JUDGMENT
February 6, 2020, Affirmation in Reply of Attorney Goodstadt.

This matter had been commenced in 2018 by Summons and Verified Complaint wherein the plaintiff had asserted a singular Cause of Action sounding in negligence against the named defendants. The cause of action addressed injury sustained by the plaintiff on January 21, 2018, while working as an independent contractor for, what has been described as the "Media Defendants," (Media), that is, Herald Publishing and Advance Publications, and while on property owned by and maintained by the Debrucque defendants (Debrucque). At the relevant time the plaintiff alleged that, while pushing a cart which held publications produced by the Media Defendants, the plaintiff slipped and fell and the cart fell upon his hand, causing injury. The plaintiff's motion presently seeks a grant of partial summary judgment as against the defendants with respect to negligence and permission to amend his complaint to reflect the inclusion of Advance Local Media, LLC, and The Post Standard, LLC. Debrucque seeks dismissal of named defendant Debrucque Greenhouses, LLC, and Media seeks dismissal of the plaintiff's complaint *in toto*. Alternatively, Media seeks authorization to amend its complaint to assert cross-claims against Debrucque and for summary judgment with respect to the assertion of contractual and common law indemnity against Debrucque.

With respect to the various motions and cross motions seeking summary judgment, this court is cognizant of the substantial impact a decision may have upon the parties where summary judgment is granted. As was held in *Wagner v. Zeh, 45 Misc.2d 93, S.Ct. Albany Co., 1965, aff'd 26 ad2d 729, 3rd Dpt. 1966:*

> A remedy which precludes a litigant from presenting his evidence for consideration by a jury, or even a Judge, is necessarily one which should be used sparingly, for its mere existence tends to alter our jurisprudential concept of a "day in court". Understandably, courts speak of the summary judgment restrictively. Summary judgment is a harsh remedy and the requirement of the rule should be strictly complied with in order to entitle

a party to that relief. *(Bakerian v. Horn, 21 AD2d 714)*. To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented. This drastic remedy should not be granted where there is any doubt as to the existence of such issues. *(Di Menna & Sons v. City of New York, 301 NY118; Braun v. Carey, 280 App. Div. 1019)*. On the other hand, the court should not hesitate to give this remedy the full purpose for which it is intended. Given the statutory sanction, it is the duty of the court, not to test the sufficiency of the pleadings, but rather to go behind them to the very substance of the action and distinguish matters of law from matters of fact, material issues of fact from immaterial ones. The task of the court now is to determine if a "material issue of fact" is presented. *(Di Menna & Sons v. City of New York, supra.;* *96 *Bakerian v. Horn, supra.)*. As an adjective "material" means "substantial; of consequence; important; going to the essence or the merits; relating to matter of substance, rather than form." (Ballentine's Law Dictionary.)

Once the moving party establishes his entitlement to judgment as a matter of law, the burden then shifts to the opposing party to establish, by admissible proof, that some genuine issue of a material fact exists. *(Card v. Brown, 43 AD3d 594 (3d Dept 2007); Chunn v. Carman, 8 AD3d 745 (3d Dept 2004)*. In the face of a motion for summary judgment, the party against whom it is sought is obligated to lay bare his proof, that is, to demonstrate by affidavit or otherwise that one or more triable issues of fact genuinely exist. If such proof is not forthcoming, summary judgment may well be the result. *(Zuckerman, supra; RM & M Framemakers v. Baucom, 198 AD2d 695 (3d Dept 1993)*. If a party seeks summary judgment dismissing a cause of action asserted against him, that party must proffer evidence showing that his adversary's pleadings contain no meritorious claim. *(Franceschi v. Consolidated Rail Corp., 142 AD2d 915 (3d Dept 1988)*.

The court reviews a summary judgment motion in the light most favorable to the party opposing it, giving that party the benefit of every inference that may be reasonably and fairly drawn. *Card v. Brown, supra; Secore v. Allen*, 27 AD3d 825 (3d Dept 2006). Through that prism, the court determines whether any triable issue of a material fact exists. If it does, then resolution of the issue must await trial. If it does not, then the court may summarily grant judgment without the need for a trial. *Sillman v. Twentieth Century Fox Film Corp.*, 3 NY2d 395 (1957); *Gadani v. Dormitory Authority of the State of New York*, 43 AD3d 1218 (3d Dept 2007); *Raven Industries, Inc. v. Irvine*, 40 AD3d 1241(3d Dept 2007).

Thus, the Court's function is to ascertain if there are any issues of fact rather than seeking to determine the issues on the submissions alone. *(See Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395)*. Upon a motion for summary judgment the Court is not to determine questions of credibility as such is a matter of sufficient materiality as to form the basis upon which denial of a summary judgment may lie. *(Glick and Dolleck v. Tri-Pac Export Corp., 22 NY2d 439, and; Trionfero v. Vanderhorn, 6 AD3d 903)*.

Upon a review of the submissions, and considering the plaintiff's consent to the dismissal of the complaint as against named defendant Debrucque Greenhouses, LLC, this particular relief as sought with respect to the Debrucque motion is granted and that portion of the plaintiff's complaint against Debrucque Greenhouses, LLC, is dismissed in all respects.

Having given due consideration to the submissions of counsel, and upon having reviewed the various depositions and exhibits submitted in furtherance thereof, this court concludes that the plaintiff's motion seeking the grant of partial summary judgment as against both Debrucque and Media must be denied as there exist material questions of fact which need be resolved by the trier of fact. While this court recognizes the holding of *Rodriguez v City of New York, 31 NY3d 312 (2018),* which held that a plaintiff need not demonstrate both a *prima facie* showing of negligence on behalf of the defendant and the lack of comparative negligence on the plaintiff's behalf, the application of this provision is found to be present only where the court may conclude that the defendant's negligence is found to exist as a matter of law, irrespective of comparative fault on behalf of the plaintiff as the plaintiff's comparative negligence appropriately goes to the issue of damages and is not a complete defense to plaintiff's claims. The record before this court reveals that, while there may be, arguably, an acknowledgment on the part of the defendants as it pertains to a duty owed to the plaintiff, the facts and circumstances of the terminal events remain in dispute and, thus, the liability of the named defendants. Thus there exist sufficient material questions of fact which yet need to be decided by the trier of fact. As such, the plaintiff's motion is denied with respect to the grant of summary judgment with respect to liability.

As for plaintiff's motion seeking to amend the pleadings to such is granted in all respects and service of the amended complaint should be effectuated accordingly.

With respect to Media's cross-motion seeking to dismiss the plaintiff's complaint and all cross-claims, given the foregoing determination by this court, the defendant's motion is denied. The alternative relief sought by Media consisting of leave to amend it's answer to assert cross-claims against co-defendants Debrucque is granted as this court concludes that there cannot be, given the undertakings by each party during the course of this action, prejudice visited upon co-defendants Debrucque in light of the relationship which had existed between the two entities regarding the long term lease of the structure and the original build out as directed by Media and as constructed by Debrucque. Such amended pleading should be filed and served promptly.

Finally, with respect to Media's cross-claim seeking a grant of summary judgment against co-defendants Debrucque upon a finding of contractual and common law indemnification, such is now denied subject to renewal at the appropriate time. However, this court, at this juncture, given the denial of summary judgment, supra, finds the Debrucque objection to this amendment to be premature.

Therefore, upon the foregoing, it is

ORDERED, that plaintiff's motion seeking partial summary judgment is denied; and it is

ORDERED, that plaintiff's motion seeking to amend his complaint is granted; and it is

ORDERED, that Defendant Debrucques' Cross-Motion seeking dismissal of the plaintiff's complaint and all cross-claims against named Defendant Debrucque Greenhouses, LLC, is granted; and it is

ORDERED, that Defendant Media's Cross-Motion seeking to amend its answer is granted; and it is

ORDERED, that Defendant Media's Cross-Motion seeking a grant of summary judgment with respect to indemnification is denied as premature; and it is

ORDERED, that any relief not otherwise specifically addressed herein is deemed to be denied.

Enter.

DATED:   May 7, 2020
         Wampsville, New York

                                            dcerio@nycourts.gov
                                            _____
                                            Hon. Donald F. Cerio, Jr.
                                            Acting Supreme Court Justice