UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JACOB HILTS,

               Plaintiff,

                -against-

CANNON EQUIPMENT COMPANY, L.L.C., JOHN DOE
NO. 1 and JOHN DOES NOS. 2-10,

               Defendants.
------------------------------------------------------------------------X

Docket No. 5:20-cv-877
(FJS/TWD)

 

**DEFENDANT CANNON EQUIPMENT COMPANY, L.L.C.'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF JACOB HILTS' MOTION FOR PERMISSIVE JOINDER AND REMAND**

*Kurzman Eisenberg Corbin & Lever, LLP*
*Attorneys for Defendant Cannon Equipment Company, L.L.C.*
*One North Broadway, 12th Floor*
*White Plains, New York 10601*
*(914) 993-6025*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

LEGAL ARGUMENT ................................................................................................ 3

    I.   PLAINTIFF CANNOT DEMONSTRATE THAT IT WOULD BE FUNDAMENTALLY FAIR TO JOIN THE FIRST ACTION DEFENDANTS AND REMAND THIS ACTION ....................................................................................................... 3

        A.  DELAY IN SEEKING JOINDER ................................................................ 4

        B.  PREJUDICE TO DEFENDANT ................................................................... 6

        C.  LIKELIHOOD OF MULTIPLE LITIGATION .............................................. 8

        D.  MOTIVATION FOR THE AMENDMENT ................................................. 11

        E.  FRAUDULENT JOINDER ALSO WARRANTS DENIAL OF PLAINTIFF'S MOTION ............... 13

CONCLUSION ........................................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Abrams v. Port Auth. Trans-Hudson Corp.* ................................................................10
    1 A.D.3d 118 (N.Y. App. Div. 1st Dep't 2003)

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.* ...........................................................13
    373 F.3d 296 (2d Cir. 2004)

*Bruno v. Zimmer, Inc.* ...............................................................................................6
    CV 15-6129 (LDW) (AKT), 2017 WL 8793242 (E.D.N.Y. Aug. 11, 2017), *report and recommendation adopted*, CV 15-6129, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018)

*Cronin v. Sordoni Skanska Constr. Corp.* ..................................................................10
    36 A.D.3d 448 (App Div. 1st Dep't 2007)

*Deutchman v. Express Scripts, Inc.* ...........................................................5, 8-9, 11-13
    No. 07-CV-3539 (DLI)(RER), 2008 WL 3538593 (E.D.N.Y. Aug. 11, 2008)

*Grant v. Johnson & Johnson* ................................................................................ 5-6, 9
    17 Civ.3356 (GBD), 2017 WL 6812035 (S.D.N.Y. Dec. 19, 2017)

*Jaber v. Elayyan* ......................................................................................................14
    168 A.D.3d 693 (N.Y. App. Div. 2d Dep't 2019)

*Lopez v. Bell Sports, Inc.* .......................................................................................4, 10
    No. 14-cv-2530(SJF)(SIL), 2015 WL 1396471 (E.D.N.Y. Jan. 16, 2015), *report and recommendation adopted in part and rejected in part*, No. 14-CV-2530 (SJF)(SIL), 2015 WL 1396466 (E.D.N.Y. Mar. 25, 2015)

*McGee v. State Farm Mut. Auto. Ins.* ..............................................................3, 8, 11-12
    684 F. Supp. 2d 258, (E.D.N.Y. 2009)

*Nazario v. Deere & Co.* ......................................................................................3-4, 6-12
    295 F. Supp. 2d 360 (S.D.N.Y. 2003)

*Pampillonia v. RJR Nabisco, Inc.* ..............................................................................13
    138 F.3d 459 (2d Cir. 1998)

*Rajpurohit v. Rajpurohit* ..........................................................................................14
    122 A.D.3d 706 (N.Y. App. Div. 2d Dep't 2014)

*Reckson Assocs. Realty Corp. v. Blasland, Bouck & Lee, Inc.* ................................. 13-14
    230 A.D.2d 723 (N.Y. App. Div. 2d Dep't 1996)

*Rodway v. Halpern* ............................................................................................... 10-11
   3 A.D.2d 941 (N.Y. App. Div. 2d Dep't 1957)

*Vanderzalm v. Sechrist Indus., Inc.* ..................................................................... 10, 13
   875 F. Supp. 2d 179 (E.D.N.Y. 2012)

*Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ. LLC* ...................................... 7
   164 F. Supp. 3d 273 (D. Conn. 2016)

## **STATUTES**

New York Civil Practice Law and Rules ("CPLR") § 3211 ................................. 6, 13-14

Fed. R. Civ. P. 20 ......................................................................................................... 3

28 U.S.C. § 1447 ...................................................................................................... 3, 12

## PRELIMINARY STATEMENT

Defendant Cannon Equipment Company, L.L.C. ("Defendant" or "Cannon") respectfully submits this memorandum of law in opposition to the motion by Plaintiff Jacob Hilts ("Plaintiff" or "Mr. Hilts") seeking permissive joinder of the First Action Defendants[1] and remand of this action back to the State Court.

While disguised as a motion seeking permissive joinder and remand back to the State Court, Plaintiff's motion is instead a blatant effort to defeat diversity jurisdiction and a belated, end-around attempt at consolidating this action against Cannon with the prior pending First Action, which was commenced in State Court in November 2018.  In that regard, Plaintiff litigated his claims against the First Action Defendants for nearly two (2) years—through the exchange of paper discovery, at least four (4) depositions, and a decision by Justice Cerio on three (3) motions for summary judgment.  During discovery, as admitted by Plaintiff, he learned about Cannon's purported involvement.  However, Plaintiff fails to state that he learned about Cannon's purported involvement in August 2019.  Rather than seeking to join Cannon to the First Action, Plaintiff waited almost one (1) year before commencing this new action against Cannon.

Having charted this circuitous procedural course, and apparently doubtful that the consolidation of actions at vastly different procedural stages would now be warranted, Plaintiff filed the instant motion seeking to join the First Action Defendants to this newly-filed action and remand this case back to State Court to accomplish consolidation.  Given that the First Action has already been litigated for roughly twenty-two (22) months, and Plaintiff elected to maintain

---

[1] Capitalized terms not herein defined shall have the same meaning ascribed to them in the Declaration of Fred D. Weinstein, dated September 22, 2020 (the "Weinstein Decl.").

separate actions, it becomes apparent that Plaintiff's joinder of the First Action Defendants is not appropriate.

The procedural posture of the First Action, coupled with the fact that Plaintiff's Proposed Amended Complaint asserts the exact same claims against the First Action Defendants in this action that Plaintiff has already asserted in the pending First Action in State Court demonstrates that "fundamental fairness" will not be achieved by joinder and remand. To that end, a comparison of the Proposed Amended Complaint in this action with the Verified Amended Complaint in the First Action, reveals that Plaintiff has asserted duplicative claims for negligence against the First Action Defendants in this action that were previously asserted and have been litigated in the First Action, together with the claims against Cannon and the Doe defendants. No new facts, no new causes of action, and no new parties are involved. Notwithstanding the prohibition on asserting claims already made in prior pending proceedings, Plaintiff asks this Court to overlook his errors and fix his chosen procedural path.

The remaining factors for "fundamental fairness" also do not weigh in Plaintiff's favor. Undue prejudice would fall on both Cannon and the First Action Defendants as a result of the differing procedural stages of both cases. Plaintiff has elected his path of multiple litigations, which weighs against joinder and remand. In addition, consolidation of these two actions, if remand was required, is not guaranteed due to the substantially different procedural posture of both cases. Furthermore, despite Plaintiff's conclusory statements about his motivation for seeking to join the First Action Defendants into this federal action and remand the action, it becomes clear that Plaintiff's motivation is merely to destroy diversity jurisdiction. Likewise, the doctrine of fraudulent joinder provides a further basis for denial of Plaintiff's motion. After wading through the chaff, it is clear that denial of Plaintiff's motion is warranted.

## LEGAL ARGUMENT

I.     **PLAINTIFF CANNOT DEMONSTRATE THAT IT WOULD BE FUNDAMENTALLY FAIR TO JOIN THE FIRST ACTION DEFENDANTS AND REMAND THIS ACTION**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The plaintiff must first prove that joinder is proper pursuant to Rule 20 of the Federal Rules of Civil Procedure, and then demonstrate that "joinder which destroys diversity" is "consistent with principles of fundamental fairness."  *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003).

In analyzing "fundamental fairness," courts consider the following factors: "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment."  *Id.* (citations omitted).  "The Court must consider the totality of the circumstances.  In other words, these four factors are not exclusive, but instead represent factors that courts have found most useful to consider in weighing the interests for and against joinder and remand."  *McGee v. State Farm Mut. Auto. Ins.*, 684 F. Supp. 2d 258, 263 (E.D.N.Y. 2009) (internal quotation marks and citation omitted).

Cannon does not contest that, in different circumstances, permissive joinder of the First Action Defendants to this matter may be proper under Federal Rule of Civil Procedure 20.  Plaintiff's joinder of the non-diverse First Action Defendants, however, does not comport with "fundamental fairness" under the totality of the circumstances of the instant case.  Accordingly, the Court should deny Plaintiff's motion.

A. __Delay in Seeking Joinder__

Relying on *Lopez v. Bell Sports, Inc.*, No. 14-cv-2530(SJF)(SIL), 2015 WL 1396471, at *3 (E.D.N.Y. Jan. 16, 2015), *report and recommendation adopted in part and rejected in part*, No. 14-CV-2530 (SJF)(SIL), 2015 WL 1396466 (E.D.N.Y. Mar. 25, 2015),[2] Plaintiff first argues that there is no delay in joinder because he moved for joinder and remand within thirty (30) days of removal.  *See* Plaintiff's Memo of Law at 11, ECF No. 10-1.[3]  Plaintiff further argues that delay also relates to plaintiff's motive in joinder, and that he cannot be accused of fraudulent joinder or forum shopping because the First Action "was commenced well prior to the instant action."  *See id.*

Cannon agrees that the delay in seeking joinder is measured from the date of removal, *see Nazario*, 295 F. Supp. 2d at 363, and that Plaintiff made his motion within thirty (30) days of removal, *see* Notice of Motion, ECF No. 10.  Plaintiff, however, does not mention that Cannon moved to dismiss this action on August 11, 2020.  *See* Notice of Motion, ECF No. 6.  Rather than adjudicate the merits, Plaintiff has improperly sought the joinder of parties he has been litigating against for almost two (2) years on the same claims raised in the First Action.

---

[2] Despite Plaintiff's reliance on *Bell Sports*, he does not address the vastly different procedural postures between the two actions in *Bell Sports* and the two actions related to the instant case.  As set forth in the Magistrate Judge's Report and Recommendation in *Bell Sports*, the plaintiff commenced a products liability action against one group of defendants on March 14, 2014, and a second negligence action against another group of defendants about a month later on April 25, 2014.  *See* 2015 WL 1396471, at *1.  The first action was removed before service of the second action was effectuated.  *See id.*

In contrast, in the instant matter, Mr. Hilts commenced this action in the State Court approximately nineteen (19) months after the First Action was commenced.  *See* Compl., ECF No. 2; Ex. 1 to Alexander Decl., Compl. in the First Action, ECF No. 10-3.  Also, unlike *Bell Sports*, the instant action was commenced second, well after discovery proceeded and dispositive motions were filed by the parties.  *See* Ex. A to Weinstein Decl., Docket Sheet at NYSCEF Doc. Nos. 19-46, 48-69; *see also* Ex. B to Weinstein Decl., Initial Scheduling Order; Ex. C to Weinstein Decl., Revised Scheduling Order.  As such, *Bell Sports* is factually distinguishable from the instant matter.

[3] Citations are to ECF Pagination, except to the extent deposition transcripts are cited.  In that instance, citations are to the deposition pages and lines.

4

It is therefore curious that Plaintiff argues that the prior commencement of the First Action is favorable to him. In assessing the delay factor, courts have considered that the plaintiff did not seek to amend their State Court complaint. *See Grant v. Johnson & Johnson*, 17 Civ.3356 (GBD), 2017 WL 6812035, at *2 (S.D.N.Y. Dec. 19, 2017) ("Plaintiff did not move to amend her complaint until after Defendants removed this case from state to federal court."); *Deutchman v. Express Scripts, Inc.*, No. 07-CV-3539 (DLI)(RER), 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008) (stating that the plaintiff offered no explanation and pointed to no recently discovered fact or piece of evidence to justify delay).

As demonstrated in the Alexander Decl. and the exhibits thereto, Plaintiff was aware, as early as **August 13, 2019**, almost one (1) year before he filed his complaint against Cannon, that Cannon was the manufacturer of the cart that was allegedly used by Mr. Hilts. *See* Alexander Decl. ¶¶ 5-6, ECF No. 10-2; Ex. 7 to Alexander Decl., Transcript of the Deposition of Thomas H. Brown, held on August 13, 2019 (the "Brown Depo.") at 49:19-53:4, ECF No. 10-9. On September 27, 2019, Plaintiff sought to amend his complaint in connection with his motion for summary judgment in the First Action but did not seek to add Cannon as a party. *See* Ex. A to Weinstein Decl., Docket Sheet at NYSCEF Doc. Nos. 19 (Notice of Motion), 37 (Proposed Amended Complaint in the First Action); Ex. D to Weinstein Decl., Justice Cerio's Decision and Order at 2 ("The plaintiff's motion presently seeks a grant of partial summary judgment as against the defendants with respect to negligence **and permission to amend his complaint to reflect the inclusion of Advance Local Media, LLC, and The Post Standard, LLC**.") (emphasis added). Plaintiff provides no explanation as to why he never attempted to join Cannon at that time, despite knowing about them for over (1) month. Instead, Plaintiff waited roughly ten (10) months from the time he learned about Cannon, until June 24, 2020, to file an

action against it.  *See* Compl. at 8, ECF No. 2.  This, however, does not explain why Mr. Hilts

ultimately did not assert his claims against Cannon in the same case pending against the First

Action Defendants—exactly what he belatedly seeks to do now.  Notably, once Mr. Hilts elected

to file a separate lawsuit against Cannon, he could not join the defendants in the First Action and

assert the same pending claims.[4]  *See* CPLR § 3211(a)(4) ("A party may move for judgment

dismissing one or more causes of action asserted against him on the ground that: . . . there is

another action pending between the same parties for the same cause of action in a court of any

state . . . ."); *see also* Weinstein Decl. ¶¶ 8-9; Ex. 4 to Alexander Decl., Amended Verified

Complaint in the First Action, ECF No. 10-6; Ex. 13 to Alexander Decl., Proposed Amended

Complaint, ECF No. 10-15.  Plaintiff, recognizing that he had failed to join Cannon in the First

Action and was precluded from joining the First Action Defendants in the action against Cannon,

now seeks joinder in this Court.  This delay, however, weighs against joinder.

### B.    Prejudice to Defendant

Plaintiff next argues that there is no basis for prejudice because all the defendants would

be able to assert claims against each other and liability (should there be any) could be

apportioned as a result of joinder of several defendants.  *See* Plaintiff's Memo of Law at 12.

This argument is without merit.

Courts have held that "an interest in defending against [an] action in [a federal] forum"

when removal is properly executed alone is not enough to demonstrate prejudice.  *See Nazario*,

295 F. Supp. 2d at 364; *see also Grant*, 2017 WL 6812035, at \*3 ("However, amendment would

now deprive Defendants of their proper choice of a federal forum").  Prejudice can result from

---

[4] *Bruno v. Zimmer, Inc.*, CV 15-6129 (LDW) (AKT), 2017 WL 8793242 (E.D.N.Y. Aug. 11, 2017), *report and recommendation adopted*, CV 15-6129, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018), which is cited by Plaintiff is inapposite to the instant case.  In *Bruno*, the plaintiffs sought to add parties that they learned new information about through discovery.  *See* 2017 WL 8793242, at \*16; 2018 WL 671234, at \*2.  Here, Plaintiff seeks to add parties he has proceeded against for nearly two (2) years.

the plaintiff's creation of duplicative litigation which could have been avoided by joining non-diverse parties together in state court.  *See Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ. LLC*, 164 F. Supp. 3d 273, 289 (D. Conn. 2016) ("Defendants in this case would be prejudiced by remand because it would entail duplicative litigation that could have been avoided had the state-court complaint prevented removal in the first place.").  Moreover, prejudice can result from advanced discovery in an action where the defendants will have to "revise or abandon a litigation strategy for which resources have already been expended."  *See Nazario*, 295 F. Supp. 2d at 364 (citation omitted).

Although Cannon has properly removed this action to this Court[5] (which is not contested by Plaintiff) and sought to dismiss this action, Cannon acknowledges that this case is in its preliminary stage and this alone does not create prejudice.  *See id.*  Prejudice, however, does result, as argued above, from Plaintiff's failure to join Cannon to the First Action causing this convoluted procedural posture with the First Action proceeding for nearly two (2) years through discovery and the instant action at the motion to dismiss stage.  *See Wilmington Sav.*, 164 F. Supp. 3d at 289.  Plaintiff cannot provide any explanation as to why he did not attempt to add Cannon to the prior pending First Action.

Furthermore, prejudice would fall on both Cannon and the First Action Defendants as a result of the discovery that has already taken place in the First Action.  In that regard, Plaintiff does not consider that paper discovery has been exchanged, multiple depositions have already been held, and Justice Cerio has issued a decision on motions for summary judgment in the Frist

---

[5] Plaintiff takes issue with Cannon's removal of the action to this Court based on Mr. Alexander's request that Cannon not seek removal.  *See* Weinstein Decl. ¶ 10.  Plaintiff failed to include the response Mr. Alexander received from Mr. Weinstein in making this point.  In that response, Mr. Weinstein stated that Cannon would forego an extension of time to respond to the Complaint, which was conditioned upon not removing the action, and informed Mr. Alexander that Cannon would be removing the action that day.  *See* Ex. E to Weinstein Decl., Emails between Mr. Alexander and Mr. Weinstein.

Action.  *See* Ex. A to Weinstein Decl., Docket Sheet at NYSCEF Doc. Nos. 19-46, 48-69; *see also* Ex. B to Weinstein Decl., Initial Scheduling Order; Ex. C to Weinstein Decl., Revised Scheduling Order.  Should this action proceed past Cannon's motion to dismiss, Cannon will have to engage in paper discovery and take depositions of parties which have previously been taken in the First Action.  Much of that discovery could have been avoided had Cannon been joined in the First Action.  Moreover, the First Action Defendants would have to engage in discovery that is duplicative of what has already taken place in the First Action.  Thus, both Cannon and the First Action Defendants will have to "revise or abandon a litigation strategy for which resources have already been expended."  *See Nazario*, 295 F. Supp. 2d at 364 (citation omitted).  Accordingly, Cannon will be prejudiced by the joinder of the First Action Defendants, especially since those parties, along with Plaintiff, have proceeded through litigation together for nearly (2) years.  As such, this factor weighs against joinder.

### C.    Likelihood of Multiple Litigation

Plaintiff also argues that likelihood of multiple litigation is certain without joinder and no party or either the State Court or this Court will benefit from separate parallel actions.  *See* Plaintiff's Memo of Law at 13.

Again, Plaintiff does not consider the fact that any risk of multiple litigation is his own doing.  In analyzing this factor, courts again consider whether the plaintiff created the risk of multiple litigation.  *See, e.g.*, *McGee*, 684 F. Supp. 2d at 264 ("Any risk of unnecessary multiple litigation could easily have been avoided by naming all the defendants in [the plaintiff's] original state court complaint."); *Deutchman*, 2008 WL 3538593, at *4 ("The court is aware that a denial of plaintiffs' cross-motion may well result in parallel state court litigation, a factor that must be considered.  The situation, however, **easily could have been avoided had plaintiffs named Dr.**

**<u>Anto in their original state court complaint</u>**.  As such, the court finds that this factor only lends plaintiffs **<u>meager support</u>**.") (emphasis added); *Grant*, 2017 WL 6812035, at *3 (noting that none of the non-diverse defendants were originally sued along with Johnson & Johnson, even though their existence was known to the plaintiff).  As argued throughout, Plaintiff could have joined Cannon to the First Action.  He did not do so.

Moreover, courts also consider whether the "actions are so related that denying remand would heedlessly undermine judicial economy and efficiency."  *See Nazario*, 295 F. Supp. 2d at 364.  In *Nazario*, the court found that claims in the prior commenced state court action sounded in negligence relating to maintaining a vehicle, whereas the federal action that was removed sounded in products liability.  *See id.*  Although the *Nazario* court noted that "particular issues of fact and law will undeniable be argued and litigated in both state and federal court," it stated that "there [was] not such a total congruence between the two actions which clearly tips this factor [in] favor of a remand."  *See id.*  The *Nazario* court added that granting remand "would essentially interpose" a new party into state court that would "disrupt a near trial-ready suit in which the existing defendants have not sought to implead [the federal defendant]."  *See id.*

Likewise, in the present case, Plaintiff's claims against the First Action Defendants all sound in negligence based upon premises liability, *see* Ex. 4 to Alexander Decl., Amended Verified Complaint in the First Action ¶¶ 1-32; Ex. 13 to Alexander Decl., Proposed Amended Complaint ¶¶ 17-35, whereas the claims against Cannon sound in general negligence, inadequate warnings, and failure to warn, *see* Compl. ¶¶ 10-36; Ex. 13 to Alexander Decl., Proposed Amended Complaint ¶¶ 36-67.  Joining Cannon and granting remand "would essentially interpose" Cannon into the First Action and "disrupt" a lawsuit in which the parties have been

litigating for nearly two (2) years "in which the existing defendants have not sought to implead [Cannon]." *See Nazario*, 295 F. Supp. 2d at 364.

Plaintiff cites to a portion of *Bell Sports*, which quotes *Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 186-87 (E.D.N.Y. 2012), where the *Vanderzalm* court stated that it reviewed New York case law and determined that a motion to consolidate in state court would be granted. *See* Plaintiff's Memo of Law at 12 (quoting *Bell Sports*, 2015 WL 1396471, at *5 (quoting *Vanderzalm*, 875 F. Supp. 2d at 186-87)). The *Vanderzalm* court noted, however, that "both cases are in the early stages of litigation." *See* 875 F. Supp. 2d at 186. Here, however, as previously stated, the First Action in State Court has proceeded for nearly two (2) years with paper discovery, multiple depositions, and motions for summary judgment. *See* Ex. A to Weinstein Decl., Docket Sheet at NYSCEF Doc. Nos. 19-46, 48-69; *see also* Ex. B to Weinstein Decl., Initial Scheduling Order; Ex. C to Weinstein Decl., Revised Scheduling Order. Indeed, a review of New York law demonstrates that, when cases are at different procedural stages, consolidation can be denied. *See Abrams v. Port Auth. Trans-Hudson Corp.*, 1 A.D.3d 118, 119 (N.Y. App. Div. 1st Dep't 2003) ("Even where there are common questions of law or fact, consolidation is properly denied if the action are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter."); *see also Cronin v. Sordoni Skanska Constr. Corp.*, 36 A.D.3d 448, 449 (App Div. 1st Dep't 2007) (holding that motion court erred in consolidating two actions where matter in Queens County was ready for trial while matter in New York County was in the early stages of discovery); *Rodway v. Halpern*, 3 A.D.2d 941, 941 (N.Y. App. Div. 2d Dep't 1957) (finding consolidation inappropriate as it would prejudice a substantial right of the parties in matter in Queens County where trial was "imminent" and "considerable time must elapse before the Rockland County action could be

reached for trial").  As such, in evaluating these circumstances concerning multiple litigation, such factor is not in Plaintiff's favor.

      **D.**    **Motivation for the Amendment**

Plaintiff finally argues that his motivation for amending the complaint to join the First Action Defendants is "numerous, legitimate and recognized."  *See* Plaintiff's Memo of Law at 13.  Without any specifics, Plaintiff states that it would result in "efficient use of resources in time and saving of expenses of parallel litigation and separate yet duplicative trials; the avoidance of conflicting verdicts as well as consideration of the resources of the respective Courts."  *Id.*  Plaintiff further mentions that the action was removed before consolidation "could be accomplished."  *See* Alexander Decl. ¶ 4.  Despite these conclusory statements, Plaintiff's motivation is clear—destroying diversity jurisdiction.

"[A] principal desire to destroy federal diversity jurisdiction is an impermissible motive." *Nazario*, 295 F. Supp. 2d at 364 (citation omitted).  A factor to consider in this analysis is whether the plaintiff sought leave to amend in the State Court to add the federal defendant.  *See id.* at 365; *see also McGee*, 684 F. Supp. 2d at 264 (noting that there was no explanation why the added parties were not named when it could have been done when filing the action in the state court); *Deutchman*, 2008 WL 3538593, at *4 (noting that plaintiffs knew about the defendant they sought to join when the state court action was filed and that when seeking joinder the plaintiffs stated that joinder would destroy subject matter jurisdiction).  Failing to move for consolidation does not give credence to statements that consolidation would have been sought. *See Nazario*, 295 F. Supp. 2d at 365.

In *Nazario*, the court found that the plaintiff's motivation was to destroy diversity because the plaintiff did not join the federal defendant in the State Court and because too much

time elapsed without the plaintiff seeking to consolidate the two actions. *See id.* The *Nazario* court stated:

> We can only infer from plaintiff's litigation behavior to this point and the course he has selected to arrive at the current motion that plaintiff is primarily interested in forcing [the federal defendant] to defend itself in state court. Certainly plaintiff is currently interested in joining each defendant into one action; however, we find that this interest is a means to an end and not an end in and of itself. . . . To summarize, we find that plaintiff filed the instant motion only after an undue and unnecessary delay. This delay and plaintiff's unconventional litigation strategy leave a distinct impression that plaintiff's motion is improperly motivated. Additionally, the anticipated judicial efficiency which would obtain after joinder and remand is not alone so considerable as to serve the ends of fundamental fairness and justice which guide the § 1447(e) analysis.

*See id.* at 365-66.

In the present case, as argued ad nauseum, Plaintiff never sought to join Cannon to the First Action. Plaintiff chose to pursue multiple litigations, which demonstrates that his motivation was to destroy diversity jurisdiction, *see Nazario*, 295 F. Supp. 2d at 365; *McGee*, 684 F. Supp. 2d at 264; *Deutchman*, 2008 WL 3538593, at *4, rather than seek "efficient use of resources in time and saving expenses of parallel litigation and separate yet duplicative trials; the avoidance of conflicting verdicts as well as consideration of the resources of the respective Courts," *see* Plaintiff's Memo of Law at 13. That Plaintiff wrote to Justice Cerio that he would file an action against Cannon and seek to consolidate that action with the First Action, *see* Ex. 11 to Alexander Aff., June 19, 2020 letter to Justice Cerio, does not help Plaintiff as he never took steps over a period of almost two (2) years to join Cannon in the First Action or to consolidate the actions in the forty-two (42) days from filing the action against Cannon on June 24, 2020, to the date of removal on August 5, 2020, *see* Compl.; Notice of Removal, ECF No. 1; *see also Nazario*, 295 F. Supp. 2d at 365-66. Finally, like the plaintiffs in *Deutchman*, here, Plaintiff states that "[p]ermissive joinder of the [First Action Defendants] will necessarily defeat complete

diversity jurisdiction, requiring the remand of this action to [the State Court]."  *See* Alexander Decl. ¶ 19; *see also Deutchman*, 2008 WL 3538593, at *4.  Accordingly, it is clear that Plaintiff's motivation for the instant motion is to defeat diversity jurisdiction and this factor weighs against Plaintiff's motion.

E.    **Fraudulent Joinder Also Warrants Denial of Plaintiff's Motion**

Plaintiff's motion should also be denied because fraudulent joinder exists as state law and legislation prevent Plaintiff from asserting the same claims against the First Action Defendants in this action as were previously asserted in the State Court.

"The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction."  *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).  It allows the court to "overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court."  *See id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).  "The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff."  *See id.* (citing *Pampillonia*, 138 F.3d at 461).  "[R]emand is only precluded on so-called fraudulent joinder grounds 'where state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim.'"  *Vanderzalm*, 875 F. Supp. 2d at 187 (citation omitted).

In this case, state law and legislation—CPLR § 3211(a)(4) and related case law—provides an overwhelming basis to dismiss Plaintiff's claims under the prior pending action rule. "The general rule is that, in order to sustain a claim that another action is pending for purposes of CPLR 3211(a)(4), the movant must establish that the other action was commenced first."

*Reckson Assocs. Realty Corp. v. Blasland, Bouck & Lee, Inc.*, 230 A.D.2d 723, 725 (N.Y. App. Div. 2d Dep't 1996); *see also Rajpurohit v. Rajpurohit*, 122 A.D.3d 706, 707 (N.Y. App. Div. 2d Dep't 2014) (holding that Supreme Court properly denied motion on ground that there was a similar action pending in India because there was no proof that such action was commenced prior to the action in New York). In addition, dismissal pursuant to CPLR § 3211(a)(4) requires that "there is substantial identify of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same." *See Jaber v. Elayyan*, 168 A.D.3d 693, 694 (N.Y. App. Div. 2d Dep't 2019).

In this instance, Plaintiff has asserted the exact same claims against the exact same parties in the Proposed Amended Complaint as have already been asserted in the Verified Amended Complaint in the First Action. *See supra* Section I.A; *see also* Ex. 4 to Alexander Decl., Verified Amended Complaint in the First Action; Ex. 13 to Alexander Decl., Proposed Amended Complaint. Plaintiff cannot deny this. As such, Cannon has met its "heavy burden" and "remove[d] all reasonable possibility" that Plaintiff can pursue these claims in the State Court and Plaintiff's motion should be denied for this reason as well. *See, e.g., Jaber* 168 A.D.3d at 694.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that this Court deny Plaintiff's

motion for joinder and remand in its entirety.

Dated: White Plains, New York
       September 22, 2020

KURZMAN EISENBERG CORBIN & LEVER, LLP

By: _____

    Fred D. Weinstein, Esq. (Bar Roll # 510360)
    *Attorneys for Defendant Cannon Equipment*
    *Company, L.L.C.*
    One North Broadway, 12th Floor
    White Plains, New York 10601
    (914) 993-6025
    fweinstein@kelaw.com

    -and-

CARMODY TORRANCE SANDAK & HENNESSEY
LLP

    Jason R. Gagnon, Esq.
    *(seeking admission pro hac vice)*
    *Attorneys for Defendant Cannon Equipment*
    *Company, L.L.C.*
    50 Leavenworth Street
    Waterbury, Connecticut 06702
    (203) 575-2622
    jgagnon@carmodylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2020, a true and correct copy of the foregoing was served on the counsel of record for Plaintiff through the Court's CM/ECF system.

_____
Fred D. Weinstein